[Cite as *State v. Johnson*, 2014-Ohio-4784.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27256 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY W. JOHNSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 12 05 1240 |

DECISION AND JOURNAL ENTRY

Dated: October 29, 2014

HENSAL, Presiding Judge.

{¶1}   Larry Johnson appeals a judgment of the Summit County Court of Common Pleas that ordered his sentences for rape and gross sexual imposition to run consecutive to each other and to the sentence he received in a different case.  For the following reasons, this Court affirms.

I.

{¶2}   In 2012, the Grand Jury indicted Mr. Johnson for rape, sexual battery, and gross sexual imposition.  After Mr. Johnson pleaded guilty to rape and gross sexual imposition, the trial court sentenced him to 11 years imprisonment for the rape offense and 5 years for gross sexual imposition.  On appeal, this Court determined that the maximum term for his rape offense was 10 years, so it reversed his sentence and remanded for resentencing.  On remand, the trial court ordered him to serve 10 years for rape and 5 years for gross sexual imposition.  It ordered the sentences to run consecutive to each other and to the sentence he had received in a different

case. Mr. Johnson has appealed his sentence, arguing that the trial court incorrectly imposed consecutive sentences.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C)(4).

{¶3} Mr. Johnson argues that the trial court did not make the findings that are required to run the sentences he received in this case consecutive to each other. This Court reviews sentences pursuant to the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Id*. at ¶ 26.

{¶4} Revised Code Section 2929.14(C)(4) provides that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses," a trial court may require the offender to serve the terms consecutively "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find "any" of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses

so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c). In this case, the trial court found that consecutive sentences were necessary to protect the public or punish Mr. Johnson and that they were not disproportionate to the seriousness of Mr. Johnson's conduct or the danger that he poses to the public. It also found that Mr. Johnson committed the offenses while under supervision, in accordance with Section 2929.14(C)(4)(a).

{¶5} Mr. Johnson argues that, although the fact that a criminal defendant committed a new offense while under supervision for another might justify running the new offense consecutive to the old one, it does not justify running two offenses that are within a single case consecutive to each other. He asserts that, in order to make the prison term for two offenses in a single case run consecutive, a court must find that either Section 2929.14(C)(4)(b) or (c) applies.

{¶6} No authority is offered in support of this argument and it overlooks the plain language of Section 2929.14(C)(4). According to the statute, a trial court may order "multiple prison terms * * * for convictions of multiple offenses" to run consecutive if it finds the two conditions in the lead paragraph and "any" of the circumstances listed in subsections (a), (b), or (c). R.C. 2929.14(C)(4). There is no indication in the statute that a finding under Section 2929.14(C)(4)(a) cannot support the imposition of consecutive sentences for multiple offenses within a single case.

{¶7} Mr. Johnson also argues that the trial court did not adequately explain why consecutive sentences are necessary. He notes that, when he was originally sentenced on his prior offense, he was only given two years of community control. He argues that the mere fact

that he violated community control did not justify the trial court ordering his sentences in this case to be served consecutive to each other and consecutive to the term he received in the other case.

{¶8} The Ohio Supreme Court has recently explained that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. We, therefore, reject Mr. Johnson's argument that the trial court had to specify why it imposed consecutive sentences in addition to making the findings required under Section 2929.14(C)(4).

{¶9} Mr. Johnson further argues that the trial court erred when it imposed his sentence because even the prosecutor suggested that he receive only 10 years. This assertion, however, is not supported by the record. According to the transcript of the sentencing hearing, the prosecutor acknowledged that, in light of this Court's decision, the maximum term that the trial court could impose for rape is 10 years. He, therefore, recommended "10 years on the rape and keep everything else the same." When the court sentenced Mr. Johnson the first time, it ordered his sentences to be served consecutive to each other and to his sentence in the other case. Accordingly, when the prosecutor asked the court to "keep everything else the same," he was advocating for consecutive sentences.

{¶10} Upon review of the record, we conclude that Mr. Johnson has not established that the trial court failed to comply with the applicable sentencing rules and statutes or that it abused its discretion when it imposed consecutive sentences. *See Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26. His assignment of error is overruled.

III.

{¶11}  The trial court did not violate Section 2929.14(C)(4) when it imposed consecutive sentences on Mr. Johnson.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.